Good morning. My name is Richard Fleury. I'd like to make a short observation. My co-counsel Mr. Daugherty would like to have been here today, but he broke his leg. And he's got screws and bolts in his leg and is on some severe pain medication. So his absence I think the court will excuse. We hope they'll excuse. We hope he feels better. Yeah, he's in pain, Judge. Your Honor. The other thing is I would like to make a request to reserve one minute and rebuttal if the court sees fit. You may. Thank you, Your Honor. If it's appropriate I'll begin at this time. Yeah, please proceed. Thank you, Your Honor. May it please the court. What is before the court right now and what's left is some ongoing enforcement actions that are before the administrative arm of the Rhode Island Department of Environmental Management. And what they're attempting to do is to fine my client some $23,000 and that's in my complaint. What's not in my complaint is what they did after this appeal was docketed and after the district court made the decision in this case. Yeah, but that's not in the record. Your Honor, we filed a supplemental appendix on that to bring it to the court's attention. And I understand it's not in the record. We think that the court could take notice that it should have been in the record and give us the opportunity to argue on that. Counsel, as I understand it, because of the actions taken by the state, the state then moved to dismiss the appeal on the grounds of mootness. Yes, Your Honor. And in that motion, they informed us of the actions that were taken. Could you just very briefly describe the actions they took and then after that, tell us why the case is not moot? Yes. Again, my wife's accusing me of being a little deaf, so if the court could just speak up just a little bit for me, I would appreciate it. I'm sorry about that. Okay, sorry. First, tell us what the state did which led to their filing the motion to dismiss the appeal on grounds of mootness. And once you've done that, please explain why the appeal is not moot. Yes, Your Honor. What they're attempting to do is to... No, no, not what they are attempting to do. What actions have they taken? In the actions that have been taken down there is there has been one hearing before the administrative law judge that is still ongoing. We have had one hearing and we are awaiting a decision on a motion that I brought to dismiss the case basically on the fact that we have vested rights. And we've asked that tribunal to dismiss our case on that matter. That is pending. I don't think it's moot because it's an ongoing enforcement action. The administrative law judge, unlike this court or any other court, is actually an employee of the department. Counsel, as I understood it, your client no longer has ownership interest in the property. My client does have ownership in some property. Yes, Your Honor. If you look at my complaint, my client bought all of the rights in the integrated water system that are located in the town of Carpentry. All that was taken was the dam and Johnson's Pond. There are other dams down river. There are other, not as big for sure, reservoirs that are attended to that dam. And the state is seeking to regulate that. So it's not moot because those ongoing enforcement actions may affect future determinations to apply the Freshwater Wetlands Act, the Water Quality Act to those particular... Counsel, why isn't, if such future actions are taken, why isn't that a separate lawsuit? Why isn't the lawsuit which you brought some years ago mooted? Our position is it may be a separate action, but they've already determined that they've got jurisdiction over our rights. And that determination, we feel we're entitled to say, I'm sorry, that determination is what we're here for today. So you say, counsel, sorry, I'm still trying to understand what is before us. You say the case is not moot because the state has asserted it has jurisdiction over your remaining property rights? Yes, your Honor. Okay. That's correct. And what relief are you seeking in the claims you say are not moot? That's correct, your Honor. I'm saying the claims are not moot and we're entitled to the declaratory... What relief? Oh, what relief is a declaratory judgment saying that they have no jurisdiction over our property? Okay. You concede that all claims for prospective injunctive relief are moot? Probably that I would have to say prospective relief, except that we probably can get some prospective relief on the ongoing action that is going on in the administrative tribunal to tell the director. I'm sorry, your Honor? What about your damages claim against individual Rhode Island officials? The only damages we'd be entitled to is our attorney fees, your Honor, under the Civil Rights Act is what I think. That's probably all we'd get. Okay. That helps narrow the case. I would concede that. I would concede that, your Honor. Well, when you say ongoing enforcement action, is it just enforcement action that might affect whatever property interests you still retain, not in the dam, but downstream? Or is this also about collection of the previously imposed fines? Both, your Honor. That's a good question, because I think we're entitled to declare... The foundation of this case is they've asserted jurisdiction over our rights, that we claim our franchise rights. And we're entitled to have a declaration that says you have no jurisdiction over those rights. The ones that you've already employed in the ongoing action, and the ones that you might do in the future. So, as to the previously imposed fines that you want a declaration that they should not be able to collect, has this appeal gone in front of our settlement council, our camp process? I was thinking about that last night, your Honor. I'm glad you asked that question. I really think that this is an appropriate case right at this point for mediation. I can tell you that I've approached my co-counsel several weeks ago and made an offer that I... No, that's okay. I just want to know whether... No, but I think it could go to mediation. I think it's appropriate for mediation, your Honor. Absolutely. May I proceed? Yeah, please go ahead. Yes, your Honor. So, what we're before you here today, your Honor, is on our franchise. I do think, and I think that it's pretty clear that we have a franchise. What the district court ruled and said that a franchise has both a public and a private component. What the public component, obviously, as argued by my co-counsel in his memorandum, my opposing counsel in his memorandum, is that it was a body politic. The vested rights in the private part of that contract is quite clear, and I'd like just to... I don't like to read, but I'm going to do that because I don't want to miss any words. In the grant, in the 1846 grant, they listed a whole bunch of individuals. And after they listed those individuals, it said it was... They formed a corporation called the Quidneck Corporation. For the purpose of erecting, establishing, maintaining, and keeping in order dams or reservoirs on the waters of the Tuxet River and its branches. And by that name, are, and forever hereafter, shall be able and capable in law to hold, purchase, receive, possess, enjoy, and retain to themselves and their successors lands, rents, tenements, goods, chattel, of what a kind, whatsoever. So what I'm saying is, the private part is, they didn't give it to the corporation. It's just a holding company. The private parties actually hold the right here. Thank you, counsel. Thank you, Your Honor. Thank you, counsel. At this time, would counsel for the appellees please introduce himself on the record to begin? Apologies. May it please the court, Special Assistant Attorney General Nicholas Fahs on behalf of the defendants. Let me start asking you a follow-up on Judge Howard's question. Would you be open, your client be open, amenable to a settlement mediation conference between our settlement counsel, before our settlement counsel? Your Honor, respectively, I don't feel that this case is, would benefit from settlement or mediation at this point. The only issue that counsel has identified is outside the scope of the relief requested in the complaint. Additionally, the fines that are mentioned are put forth in notices of violation that Excuse me, the timer is not running. Oh, apologies. I'm sorry. Okay, continue. So the fines that were mentioned are put forth in notices of violation. First of all, the second notice of violation, as the court correctly pointed out, was issued after the district court's determination. It is not anywhere referenced in the fourth amended complaint that was dismissed. It is not properly considered here. The other notice of violation, which is mentioned in the complaint, issues fines that are considered and mentioned as potential fines. As my brother has mentioned, the issue is before an administrative judge that could, on any matter and for any reason, determine that the fines should not be levied against social holdings. That suggests an argument that that claim for relief is not ripe as opposed to moot. I do believe that the way that the relief requested in the complaint is framed, it's looking for past harm injunctive relief. And for that reason, it is moot to the extent that the claim is properly before the court seeking some type of prospective injunction. I would agree that it is not ripe because there are still ongoing administrative proceedings in which social holdings is participating. And then those proceedings could then be reviewed in state court under the Administrative Procedures Act. As to fines that have previously been imposed and they're saying they would like them not collected, what's your position on that universe? So in that universe, the fines are proposed. They're being reviewed by an administrative judge. So there have been no fines imposed? Correct. So there isn't a mootness question with respect to that? In the universe, when we're talking about those specific sets of facts, I would agree. The money itself, yeah. Correct. Not whether there's a franchise. But the way it was pled, I would still argue that there's a mootness argument. Got it. Okay. What about this ownership issue? So social holdings, just to be clear, does not own any dam. And that question has never been disputed in the record, except for what may have been an that there is still social holdings property subject to the Dam Permitting Act. But there is none. The Dam Permitting Act applies to six very large bodies of water and the attendant dams in Rhode Island. Social holdings does not own any others. The property was taken by eminent domain by the town of Coventry on June 24th, in June 2024. I do believe the reply says 2025 and that it was after briefing, but that's incorrect. The eminent domain documents are all attached to our former motion to dismiss seeking on mootness grounds as Exhibit A. So this court did review your motion to dismiss on mootness grounds. And apparently the decision was made that your opponent ought to have a fair chance to argue against your mootness claims. He then filed his brief and he's presented the argument today. Is it still your position that the entire case as pled is now moot? It is still my position that the entire case is moot. And as to his position that you may in the administrative law appeal, which is going on now, if the decision is made not to excuse them from prospective fines, but to impose fines, that that issue is not before this court on the pleadings. And he needs to exhaust those administrative remedies. And he has state agency and state court proceedings he can pursue to challenge any future fines that are imposed. Is that how I summarized?  Yes, obviously without conceding the merits arguments that have been made. Okay. Thank you. And let me ask you, because you mentioned if SOCIA is eventually fined, you mentioned that it can go to state court for relief. I assume without conceding the merits, but it could also come back to federal court, but it would have to file another lawsuit, right? To the extent that a separate factual scenario could be sufficiently pled. No, it's a separate factual scenario because these fines haven't been imposed or anything. So, yes, there is a scenario where a separate federal claim could be brought. We're not going to ask you to specify what that is. Thank you, Your Honor. No, but what you're saying is that anything that's prospective, counsel has state judicial relief, could have possible federal judicial relief. The doors are not closed, but at this time, with what's been pleaded, it is for what has been pleaded. Correct, Your Honor. Thank you. Is there any portion of the district court's opinion in order in this case that you take issue with that you would like to bring to our attention? No, I believe that the district court did a fine job of analyzing the facts and their applicability. There are certain parts of the decision that we may, if the court was confused factually and there was something raised that we may have taken an opportunity to address, but there was nothing raised today that changes my opinion. Anything else? I have nothing if the court is satisfied. Okay, thank you, counsel. Thank you, Your Honor. One minute rebuttal for Mr. Fleury. Please reintroduce yourself back on the record to begin. Richard Fleury, Your Honor, for the record. I would like to, I'm going to be very short because I'd like to answer Mr. Justice Howard's question that I think was answered factually incorrect. Okay. Both orders, the $217,000 order and the $23,000 order contained this language. And pursuant to Rhode Island general laws, and they cite the law, the following administrative penalty as more specifically described in the attached penal penalty summary and worksheets are hereby assessed. So they've assessed those fines, Judge. Yes, but that's a counsel. Pardon? They may have assessed the fines, but there is a procedure that they assess the fines. You have contested that assessment. They are, it's not a final decision at this point. They could decide not to impose those fines or to impose some portion of those fines. Isn't that correct? No, Your Honor, and I'm going to tell you why. I'd like to respond. I'm over my time. You just give me, let me respond if you don't mind. I believe this, that the fines that are assessed, there is a procedure in place. But the foundation of our case is that they don't have jurisdiction to even consider that. Because they've applied, they've applied statutes that we have a franchise right and they have no jurisdiction. So we're asking for a declaration that they have no jurisdiction. Can you cite me a single federal decision in which a federal court says a state environmental agency regulating the waters in that state does not at least have jurisdiction to consider the claims? No, I can't, Your Honor. Okay, I'll let it go with that. Thank you, Your Honor. Thank you. You're excused. Thank you, Counsel. That concludes argument in this case.